THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI

LEE WURZELBACHER,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No.1:15-CV-00682-MRB
1:12-CR-080-1

Judge Michael R Barrett

**OPINION AND ORDER**

This matter is before the Court on Petitioner Lee Wurzelbacher's *pro se* Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. (Doc. 342). The United States moved to dismiss/deny the Petition, arguing that Petitioner's claims are "procedurally barred from collateral review." (Doc. 347, PageID 1264). In the alternative, the government argues that "even if taken as true" Petitioner's factual assertions fail to establish ineffective assistance of counsel. (*Id*. at 1270). In response to the government's papers, Petitioner filed a reply. (Doc. 352).

Petitioner requests an evidentiary hearing. Based on a thorough review of the Parties' arguments (Docs. 342, 347, 352), the proffered declaration (Doc. 342, PageID 1248), exhibits (Doc. 343, PageID 1254-58), and the record, the Court determines that the matters before the Court can be decided on the existing record without an evidentiary hearing.

1

I. BACKGROUND

On July 25, 2012, Petitioner was indicted in the United States District Court for the Southern District of Ohio, charged with 17 violations of federal criminal laws, including Conspiracy to Distribute Marijuana, Money Laundering, and Structuring Financial Transactions. (Doc. 5). Originally, Alan Baum represented Petitioner. (Doc. 45). On September 13, 2012, the Court appointed Kevin Tierney to represent Petitioner, and Mr. Baum was released. (*Id.*). On September 27, 2012, Petitioner retained Wende Cross, who filed a notice that she would substitute for Mr. Tierney. (Doc. 100). On November 9, 2012, Gregory Cohen filed a notice that he would substitute for Ms. Cross, who was "leaving private practice to become a Magistrate" in the Hamilton County Court of Common Pleas. (Doc. 138). Petitioner claims that he later learned that attorney Cohen was being criminally investigated by state authorities while attorney Cohen represented Petitioner in federal court. (Doc. 342, PageID 1242).

On January 4, 2013, Petitioner pleaded guilty to Counts 1 and 5 of the Indictment, for which the punishment was at least 10 years and up to life in prison, a fine of up to four million dollars, at least five years of supervised release, and a $200 special assessment. (Doc. 166). The United States agreed to dismiss the other charges, and not to file other narcotics or money laundering charges that may have occurred within the time frame charged in the Indictment, and that were disclosed to the United States. (*Id.*).

On October 17, 2013, Petitioner was sentenced. This Court found that the Final Base Offense Level was 37 and that Petitioner's Criminal History placed him in

Category II, which set a range of at least 235 months and up to 293 months as to Count 1, and a range of at least 168 months and up to 210 months as to Count 5. The Court's Probation Department recommended concurrent sentences as to those two counts, respectively, of 262 months and 240 months. Later, this Court adjusted the range to that for Base Offense Level 34 (instead of 37), which for Petitioner's Criminal History Category suggested a range of at least 168 months and up to 210 months. This Court found that range applicable as to both counts of conviction, and sentenced Petitioner to 174 months as to each of the two counts, with a fine of two thousand dollars, the special assessments, and terms of Supervised Release of five and three years, respectively, all to be served concurrently. (Doc. 290).

On October 21, 2013, Defendant filed his Notice of Appeal (Doc. 258), and an Amended Notice of Appeal on October 29, 2013 (Doc. 278). Defendant's brief argued alleged errors in this Court's sentencing findings and its application of the United States Sentencing Guidelines. Specifically, Petitioner challenged this Court's application of a two-level enhancement for "stash house" and a two-level enhancement for obstruction.

On November 20, 2014, the United States Court of Appeals for the Sixth Circuit issued an Opinion affirming this Court and holding that each enhancement was correctly applied. (Doc. 304).

On October 19, 2015, Petitioner filed the Section 2255 petition currently before the Court. (Doc. 342).

In his petition, Petitioner asserts the following five arguments: (1) "ineffective assistance of counsel . . . due to [] counsel failing to object to the err [sic] of the district

court in not providing a hearing [regarding] [Cohen] being under investigation and ultimately being indicted" (Doc. 342, PageID 1235); (2) "ineffective assistance of counsel relative to the representation of defense counsel in the matters herein" (*id*. at 1236); (3) "ineffective assistance of counsel relative to the defense attorney advising Movant to enter into a plea agreement" (*id*. at 1239); (4) ineffective assistance of counsel in light of defense counsel "failing to advise the Movant herein that he was the known subject of a state investigation in which he was alleged to have bribed witnesses in a case [] which he was handling" (*id*. at 1242); and (5) "ineffective assistance of counsel in matters of counselor Wende Cross" (*id*. at 1244).

In his reply, Petitioner states that his original petition was "crudely prepared." To clarify his arguments, Petitioner contends that he wishes to "consolidate arguments 1, 4, and 5; abandon argument 2 as frivolous; and further expand on argument 3." (Doc. 352, PageID 1279). The Court will consider those parts of the reply brief that properly reply to the United States's papers, but will not consider issues raised for the first time in the reply brief because they are not properly before the Court. *See United States v. Jackson*, No. 10-cr-20435, 2014 U.S. Dist. LEXIS 197904, at *4 n.2 (E.D. Mich. July 7, 2014); *United States v. Eversole*, No. 6:13-7-DCR-CJS, 2016 U.S. Dist. LEXIS 146909, at *36 (E.D. Ky. Oct. 3, 2016).

## II. ANALYSIS

### a. The Government's Motion to Dismiss

The government does not expressly state the standard it wishes this Court to apply to its motion to dismiss. However, Rule 12 of Rules Governing § 2255 Motions

provides that, unless inconsistent with "any statutory provisions or these rules," the Federal Rules of Civil Procedure may be applied to proceedings under 28 U.S.C. § 2255. *See also* Fed. R. Civ. P. 81(a)(4). A motion to dismiss of the type filed by the United States parallels relief that can be sought under Fed. R. Civ. P. 12(b)(6), *i.e.*, dismissal for failure to state a claim upon which relief can be granted or dismissal because of a dispositive affirmative defense available on the face of the record. *United States v. Olivares-Cepeda*, No. 1:13-cr-108, 2016 U.S. Dist. LEXIS 55484, at *2 (S.D. Ohio Apr. 26, 2016).

Here, the government moves to dismiss on the basis that Petitioner's claims are "procedurally barred from consideration by this Court." (Doc. 347, PageID 1268). If a defendant fails to raise a claim on direct appeal, then that claim generally is procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). To obtain review of a defaulted claim in a § 2255 motion, the prisoner must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation, or that he is actually innocent. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-700.

The Supreme Court of the United States has strictly limited the circumstances under which a guilty plea may be attacked on collateral review. *Bousley*, 523 U.S. at 621. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry* v. *Johnson,* 467 U.S. 504, 508, 81 L. Ed. 2d 437, 104 S. Ct. 2543 (1984)

(footnote omitted). That said, the foregoing rule leaves open the possibility that a plea might not have been voluntary or intelligent if counsel was ineffective. Thus, it is possible for a plea to be collaterally attacked if based on an ineffective assistance of counsel claim. Furthermore, an ineffective assistance argument is not defaulted if not raised on direct appeal. *Olivares-Cepeda*, 2016 U.S. Dist. LEXIS 55484, at *3 (citing *Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson*, 194 F.3d 730, 736 (6th Cir. 1999)). To the extent that the government seeks dismissal on procedural default grounds, the Motion (Doc. 347) is not well taken.

      b. Alternative Grounds for Dismissal/Denial of the Petition

          1. Dismissal Standard

While the Court rejects the government's procedural default argument, it appears that the government asks in the alternative that this Court dismiss or deny the petition for failure to state a claim. The government does not articulate the standard it wishes the Court to apply, but the Court infers that the government wishes the Court to perform an analysis under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As discussed above, the Rules Governing Section 2255 Proceedings permit this Court to test a petition under Fed. R. Civ. P. 12(b)(6). *Olivares-Cepeda*, 2016 U.S. Dist. LEXIS 55484, at *2.

Additionally, the Court is empowered to dismiss under Rule 4(b) of the Rules Governing Section 2255 Proceedings, which rule provides in pertinent part:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Advisory Committee Notes to Rule 4 of the § 2255 rules incorporate by reference certain portions of the Advisory Committee Notes to Rule 4 of the § 2254 rules, which state that "it is the duty of the court to screen out frivolous applications[.]" In addition, the foregoing committee notes state that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Notes, Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254 (citing *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error. Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence.")). *Accord*: *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (dismissing claim based on "only bald legal conclusions with no supporting factual allegations") (quoting *Sanders v. United States*, 373 U.S. 1, 19, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963)).

Even accepting all of Petitioner's non-conclusory factual assertions as true, and liberally construing them in his favor, the petition falls short of showing a "real possibility of constitutional error." To prevail on a § 2255 motion alleging constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

7

However, all of Petitioner's remaining claims are premised on legally defective ineffective assistance of counsel arguments.

### 2. Ineffective Assistance Standard

The "assistance of counsel" guaranteed by the Sixth Amendment presumes that a criminal defendant has "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)). To establish a claim of ineffective assistance of trial counsel, a criminal defendant must make a two-part showing:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687; *see also O'Hara v. Brigano*, 499 F.3d 492, 505 (6th Cir. 2007). To satisfy the prejudice prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Overall, the constitutional standard for adequate representation is "an objective standard of reasonableness" in line with "prevailing professional norms." *Strickland*, 466 U.S. at 687-88. Counsel's performance also should be evaluated in light of the totality of the circumstances. *See id.* at 690; *Mason v. Mitchell*, 320 F.3d 604, 618 (6th Cir. 2003).

The *Strickland* standard applies not only to counsel's performance during trial, but also in the context of representation provided during plea hearings, with the second prong focusing on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *see Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006). With respect to claimed deficiencies in representation as to a criminal defendant's sentence, the same *Strickland* factors apply: *i.e.*, the petitioner must show both that his counsel's performance fell below an objective standard of reasonableness, and that absent such shortcoming, the outcome likely would have been different. *See Glover v. United States*, 531 U.S. 198, 204, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001); *Green v. United States*, 65 F.3d 546 (6th Cir. 1995), *cert. denied*, 516 U.S. 1098, 116 S. Ct. 826, 133 L. Ed. 2d 769 (1996).

A defendant's failure to satisfy either prong of the *Strickland* test obviates the need for the court to consider the other prong. *See Strickland*, 466 U.S. at 697; *see also Stanford v. Parker*, 266 F.3d 442, 454 (6th Cir. 2001), *cert. denied*, 537 U.S. 831, 123 S. Ct. 136, 154 L. Ed. 2d 47 (2002).

3. Ineffective Assistance of Counsel Grounds (Conflict of Interest)

Petitioner argues that two of his four attorneys, Ms. Cross and Mr. Cohen, labored under conflicts of interest. In order to successfully assert a claim of ineffective assistance of counsel based upon conflict of interest, a defendant who entered a guilty plea must establish: 1) that there was an actual conflict of interest, and 2) that the

9

conflict adversely affected the voluntary nature of the guilty plea entered by the defendant. *Thomas v. Foltz,* 818 F.2d 476, 479 (6th Cir. 1987), citing *Smith v. Bordenkircher,* 671 F.2d 986 (6th Cir.), *cert denied,* 459 U.S. 848, 74 L. Ed. 2d 96, 103 S. Ct. 107 (1982). Prejudice may be presumed if an actual conflict of interest exists. *Strickland,* 466 U.S. at 692, quoting *Cuyler v. Sullivan,* 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708. In order to demonstrate that an actual conflict of interest existed, petitioner must point to specific instances in the record which suggest an actual conflict or impairment of his interests. *Foltz, 818 F.2d* at 481, citing *United States v. Mers,* 701 F.2d 1321 (11th Cir.), *cert. denied,* 464 U.S. 991, 78 L. Ed. 2d 679, 104 S. Ct. 482 (1983). Petitioner must "make a factual showing of inconsistent interests and must demonstrate that the attorney 'made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other. If he did not make such a choice, the conflict remained hypothetical.' There is no violation where the conflict is 'irrelevant or merely hypothetical'; there must be an 'actual significant conflict.'" *Id.*

Petitioner's factual assertions, accepted as true, fail to establish an actual conflict of interest on the part of Ms. Cross or Mr. Cohen.

### a. Attorney Cross's Representation (Argument Five)

Petitioner asserts that Ms. Cross labored under a conflict of interest, because at some point during her brief representation she learned that she had been selected to serve as a magistrate in the Hamilton County Common Pleas Court. According to Petitioner, Ms. Cross advised Petitioner that her imminent appointment would require her to resign as his attorney. (Doc. 342, PageID 1249, ¶¶6, 11). As a substitution,

10

Petitioner established a relationship with Gregory A. Cohen.  (Doc. 139).  Petitioner appears to believe that Ms. Cross's appointment as a magistrate in Hamilton County, Ohio is tantamount to working for or at the behest of the United States government.  Indeed, Petitioner cites to Rule 7 of the Rules of the Supreme Court of the United States, which rule prohibits employees of that Court from representing clients before any government tribunal.  Although Rule 7 is inapplicable to Ms. Cross, because she is/was not an employee of the Supreme Court of the United States, Petitioner argues in conclusory fashion that Ms. Cross's anticipated loyalties to the county court prompted her to start feeding client confidences to the Assistant United States Attorneys.  Petitioner contends that Ms. Cross "switched sides."  (Doc. 352, PageID 1285, ¶14).  He states "upon understanding and belief" that "Ms. Cross disclosed information about my case to the United States Attorney's [O]ffice."  (*Id.* at 1251).

Accepting all of Petitioner's non-conclusory factual assertions as true, the Court finds no actual conflict impairing Petitioner's interests, even though counsel generally referred to the circumstances surrounding Ms. Cross's need to resign as necessary to remedy a "conflict of interest."  (Doc. 139).  It is true that full-time judicial officers are generally precluded from representing clients.  However, such rules are generally designed to protect the dignity and neutrality of the *court* served by the judicial officer.  When it comes to the potential effect on clients, a common concern is that parties represented by judicial officers and even judges-elect might benefit from an unfair advantage—not disadvantage.  *See, e.g.*, *Berryman v. Ayers*, No. 1:95-CV-05309-AWI, 2007 U.S. Dist. LEXIS 51738, at *168 (E.D. Cal. July 10, 2007) (considering the argument that the United States enjoyed an unfair advantage because its prosecutor

11

was a municipal judge-elect).  Here, however, Petitioner argues that he was *disadvantaged* by the fact that Ms. Cross had been selected to serve as a county magistrate, because she "switched" to the "side" of the government.

The defects in Petitioner's conflict-of-interest theory are numerous, starting with his faulty premise that judicial officers are on the "side" of the government.  Although it defies principles for which the judiciary stands, the Court will accept this faulty premise, and assume *arguendo* that Ms. Cross's "loyalty" vested with Hamilton County the moment she learned of her selection to serve as a magistrate there. Petitioner would have this Court infer that Ms. Cross's selection to serve as a county magistrate "clearly" shows that client confidentiality had been compromised, in that Ms. Cross's imminent appointment prompted her to suddenly start feeding information to the Assistant United States Attorneys.  (Doc. 342, PageID 1245).  While the Court could spend significant time explaining the structure of dual federalism, the Court declines to do so, because Petitioner's argument that Ms. Cross automatically disclosed client confidences to the Assistant United States Attorneys is based on a bald, conclusory assertion "upon understanding and belief."  *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973).

Furthermore, the Court would note that Ms. Cross never worked as a magistrate during the time she served as Petitioner's counsel, a fact that Petitioner does not dispute given that he submitted Ms. Cross's judicially noticeable appointment as a magistrate reflecting her November 19, 2012 start date.  (Doc. 343, PageID 1255). Attorney Cohen filed his notice of substitution ten days earlier.  (Doc. 138).  Indeed, Petitioner asserts that Ms. Cross learned of her selection to serve as magistrate, and

advised Petitioner of her need to resign before taking the bench.  (Doc. 342, PageID 1279, ¶6).

The facts as alleged by Petitioner, combined with the record, fail to show a conflict impairing Petitioner's interests.  Petitioner cannot maintain a viable Sixth Amendment conflict-of-interest claim based on the representation provided by Ms. Cross.  *Wright v. United States*, No. 3:10cv174, 2011 U.S. Dist. LEXIS 118608, at *59 (S.D. Ohio May 20, 2011).

                                                      b.  Attorney Cohen's Representation (Arguments One and Four)

According to Petitioner, Ms. Cross told Petitioner she must resign and suggested that he retain Gregory Cohen to substitute for her.  (Doc. 342, PageID 1250).  Petitioner claims that he was unaware that Mr. Cohen was under a state criminal investigation at the time, and argues that the pending investigation "likely" gave rise to a conflict of interest.  (Doc. 352, PageID 1282).  Petitioner speculates that Mr. Cohen "was faced with an uncertain situation," not knowing "when, how, or if the government was going to prosecute him."  (*Id.*)  Petitioner seems to suggest that Mr. Cohen sought to ingratiate himself to the Assistant United States Attorneys by advising Petitioner to accept the guilty plea.

In his petition, Petitioner offers no authority to support that counsel's purported investigation by state authorities created a conflict of interest compromising his client's federal prosecution.  In his reply, however, Petitioner offers three cases, none of which support his position.  (Doc. 352, PageID 1286) (citing *United States v. McLain*, 823 F.2d

13

1457, 1464 (11th Cir. 1987); *Taylor v. United States*, 985 F.2d 844, 846 (6th Cir. 1993); *Thompkins v. Cohen*, 965 F.2d 330, 333 (7th Cir. 1992)).

While *McClain* supports the proposition that representation provided by an attorney under investigation can in certain circumstances be compromised, the case is inapposite. In *McLain*, the Eleventh Circuit reversed a federal trial court that rejected a defendant's post-conviction motions. *McLain*, 823 F.2d at 1464. The defendant argued that he was entitled to dismissal or a new trial, reasoning that his lawyer withheld that he (the lawyer) was the subject of a federal investigation. The defendant's "basic argument [was] that [defense counsel's] knowledge that he was under investigation by the same United States attorney's office that was prosecuting [defendant] created a conflict of interest, which reduced [defense counsel's] effectiveness as [defendant's] counsel, thereby depriving [defendant] of his Sixth Amendment rights." *Id.* at 1463. Based upon the specific facts of that case, the Eleventh Circuit found "substantial evidence" that defense counsel shortened plea negotiations and lengthened trial to serve his own self-interest:

> Moreover, we find that an actual conflict of interest did exist. This conflict manifested itself in [defense counsel's] benefit from [defendant's] prolonged trial. There is substantial evidence that the United States attorney would not attempt to indict [defense counsel] until [defendant's] trial ended.
>
> Therefore, it was in [defense counsel's] best interests for [defendant] to have a lengthy trial.

*McLain*, 823 F.2d at 1464. Therefore, the Eleventh Circuit reversed the trial court, reasoning that defendant was denied his basic right to a fair trial.

14

While *McLain* exemplifies a scenario where a defense attorney's criminal investigation compromised his ability to properly represent his client, not all attorneys under criminal investigation have automatic conflicts. *Taylor*, 985 F.2d at 846. In *Taylor*, for example, the Sixth Circuit distinguished *McLain* and ultimately rejected the argument that defendant's federal prosecution was compromised by the fact that defendant's lawyer was the subject of a state criminal investigation:

> Taylor has not provided proof of an actual conflict of interest. Taylor was prosecuted by federal authorities on multiple drug charges relating to a drug scheme that provided individuals with thousands of fraudulent prescriptions for controlled substances. In contrast, defense counsel was indicted by state officials after Taylor's conviction for conspiracy to possess with the intent to deliver 100 pounds of marijuana. The facts demonstrate that no nexus existed between the charges against Taylor and his attorney**.** See *United States v. Balzano*, 916 F.2d 1273, 1293 (7th Cir. 1990) (nexus between crimes of client and attorney are required to establish conflict of interest). *Furthermore, Taylor and his attorney were indicted for separate crimes by two different authorities. Thus, the investigation involving defense counsel was not conducted by the same office that was prosecuting Taylor.* See *United States v. McLain***,** 823 F.2d 1457, 1463-64 (11th Cir. 1987) (conflict of interest exists if client and attorney are being investigated and prosecuted by the same office). Finally, there is no evidence that counsel breached his duty of loyalty to Taylor.

*Taylor*, 985 F.2d at 846 (emphasis added). Ultimately, the Sixth Circuit affirmed the judgment of the district court.

Here, the facts as asserted by Petitioner align with *Taylor*, not *McClain*.[1] Like the defendant in *Taylor*, Petitioner was being prosecuted by federal authorities while his

---

[1] The third case cited by Petitioner is inapplicable, because it stands for the proposition that if a trial judge knows of a lawyer's conflict of interest, the trial judge is "required to inquire into the matter further and determine, for example, whether the defendant wanted to be represented by this lawyer regardless." *Thompkins v. Cohen*, 965 F.2d

15

attorney was being purportedly investigated by state authorities. Thus, "the investigation involving defense counsel was not conducted by the same office that was prosecuting" *Petitioner. Taylor*, 985 F.2d at 846. Accepting all of Petitioner's non-conclusory factual assertions as true, Petitioner's conflict-of-interest argument relating to Mr. Cohen fails as a matter of law under *Taylor*.

    4. Ineffective Assistance of Counsel Ground (Plea Agreement, Argument Three)

The two-prong test set forth in *Strickland v. Washington* governs claims of ineffective assistance of counsel arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Under the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 56. Under the second prong, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58. Petitioner argues that he "was advised by [Cohen] that [Petitioner] would likely receive between 63-78 months when considering the cooperation agreement and other unapplied §3553(a) considerations when sentencing was commenced." (Doc. 342, PageID 1240). To support this contention, Petitioner points to a portion of the change of plea transcript where Petitioner started to elaborate on his prior discussions with Ms. Cross, but discontinued the elaboration after conferring privately with Mr. Cohen. (Doc. 290, PageID1048).

---

330, 332 (7th Cir. 1992) (citing *Wood v. Georgia*, 450 U.S. 261, 272, 101 S. Ct. 1097, 1104 (1981)). However, accepting Petitioner's factual allegations as true, this Court has already rejected the argument that a conflict of interested existed in the first place.

16

Upon review of the record, the Court finds Petitioner's ineffective assistance theory to lack merit. First, the record shows Petitioner was informed of the consequences of his plea. "For a plea to be intelligent and knowing, the trial court must ensure that the defendant is 'aware of the direct consequences of the plea.'" *Boyd v. Yukins*, 99 F. App'x 699, 702-03 (6th Cir. 2004) (quoting *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994)). Therefore, the defendant "must be informed about any mandatory minimum sentences, which may impact the defendant's decision to plead guilty." *Id.* "A defendant's statements on the record during a plea colloquy that he or she understands the nature and the consequences of the plea provide strong evidence that a plea was intelligent and knowing." *Id.* Here, the record demonstrates that Petitioner was informed of the potential sentencing exposure, including minimum and maximum sentences. (Doc. 290, PageID 1030, 1035). While Petitioner argues that he was promised 63-78 months by Mr. Cohen, and points to a portion of the transcript where Petitioner started to disclose conversations with his prior attorney before conferring privately with Mr. Cohen (*id.* at 1048), this *post hoc* argument does not negate the fact that the undersigned asked Petitioner if he understood the minimum sentence to be ten years. (*Id.* at 1035). The record demonstrates that Petitioner indicated during the plea hearing that he understood the nature and consequences of the plea, and entered into the plea voluntarily. (*Id.* at 1048).

Based on the record before the Court, the Court concludes that Petitioner is not entitled to habeas relief based upon a claim of ineffective assistance of counsel in connection with the plea agreement.

III. CONCLUSION

For the foregoing reasons, and consistent with the above, the government's motion to dismiss (Doc. 347) is **GRANTED**. The Petition (Doc. 342) is **DISMISSED**.

**IT IS SO ORDERED.**

 s/*Michael R. Barrett*
United States District Judge